UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JOHN GREENE, | ) |
| | ) CASE NO.: **2:21-cv-552-BHH** |
| Plaintiff, | ) |
| | ) COMPLAINT |
| vs. | ) |
| | ) |
| TURTLE SURVIVAL ALLIANCE FOUNDATION | ) |
| | ) |
| | ) |
| Defendant | ) |

# COMPLAINT

John Greene ("Greene" or "Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant Turtle Survival Alliance Foundation ("TSA" or "Defendant") seeking to recover unpaid wages, overtime wages and statutory damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA") and the South Carolina Payment of Wages Act, S.C. Code Ann., §§41-10-10, et seq.

# THE PARTIES

1

1. Greene is an adult citizen and resident of Berkeley County, South Carolina. During all relevant times, Greene performed work duties at Defendant's principal place of business in Cross, South Carolina.

2. Defendant TSA is non-profit company organized under the laws of the State of South Carolina with its principal place of business at 148 Anaconda Trail, Cross, South Carolina 29436.

3. At all times relevant, Defendant TSA was Plaintiff's employer for purposes of the FLSA.

4. During Plaintiff's employment with Defendant, Plaintiff was an employee who in any workweek was engaged in commerce or in the production of goods for commerce, within the meaning of section 7(a)(1) of the FLSA (29 U.S.C. §207(a)(1).)

5. At all times relevant, Defendant was Plaintiff's employer as defined by S.C. Code Ann. §41-10-10(1).

**JURISDICTION AND VENUE**

6. This action is brought pursuant to the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq.). Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. §1331 because this is a civil action arising under the laws of the United States.

7. Venue is appropriate within this District because Defendant has its principal place of business there and because the causes of action alleged to have occurred in this Complaint occurred in this District and in this Division.

## RELEVANT FACTS

8. Plaintiff was employed by Defendant as Chelonian Keeper at Defendant's Turtle Survival Center in Cross, South Carolina, where turtles from all over the world were brought in for breeding and the offspring were sent to Zoos all over the United States for conservation, life and to be cared for, from April 18, 2018 to October 23, 2020.

9. Upon accepting the job, Plaintiff was promised a salary of $30,000 per year. However, in the one full year he worked for Defendant, he was only paid $28,518.71.

10. Plaintiff's job duties included numerous interactions with other employees or representatives of Defendant throughout the United States and the world.

11. Plaintiff's job duties included communicating with individuals who were bringing turtles to the Turtle Survival Center in Cross, South Carolina from around the United States.

12. Defendant's CEO resides and works in California. Plaintiff had routine communication with the CEO while Plaintiff resided and worked in South Carolina and

the CEO was in California. Plaintiff also had routine communication with other TSA employees who lived in Tennessee and Georgia.

13. Defendant has Board members all over the United States. During his employment, Plaintiff occasionally communicated with Board members who did not live in South Carolina about work-related issues at the Center.

14. Defendant also owns a turtle survival center in Madagascar and India and Plaintiff occasionally communicated with individuals (many who were also Defendant's employees (53 employees in Madagascar and 4-8 employees in India) working at those locations.

15. While in Defendant's employ, Plaintiff typically and customarily worked over forty (40) hours per week.

16. From his employment until January 2020, Plaintiff was wrongfully classified as an exempt employee under Department of Labor regulations by Defendant and not paid any overtime pay for any hours worked over forty (40) in a week.

17. Even after being reclassified as a non-exempt employee under DOL regulations in January 2020, Plaintiff still worked over forty (40) hours in a week. However, when he did, he was told by supervisors that his timecards should only reflect forty (40) hours of work so Defendant did not have to pay him overtime.

18. Additionally, before he was reclassified by Defendant in 2020, if Plaintiff arrived late to work, he was docked for pay from his PTO. However, when Plaintiff often worked well past the time his shift was supposed to end because he was closing and his job duties required him to continue working, Defendant neither credited nor paid Plaintiff for that work.

19. To perform the work duties that Plaintiff performed for Defendant, Plaintiff did not have or need any required certificate, education or specialized training. Plaintiff also did not supervise any employees and did not have the ability to exercise discretion and independent judgment on matters of financial significance to Defendant.

20. Plaintiff did not perform work that is exempt from the overtime requirement of the FLSA.

**FIRST CAUSE OF ACTION**

**Violation of the Fair Labor Standards Act**
**(Overtime)**

21. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

22. Section 207(a)(1) of the FLSA provides that no employer shall employ any of its employees for a workweek longer than forty (40) hours unless such employee receives compensation for her employment in excess of the hours above specified at a

rate not less than the higher of one-and-one half (1.5) times the regular rate at which she is employed or one-and-one half (1.5) times the Federal Minimum Wage.

23. At all times relevant, Plaintiff was an employee covered by the FLSA 29 U.S.C. § 207(a)(1).

24. At all times relevant, all Defendant was Plaintiff's employer under the FLSA.

25. Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff at the overtime rate of one-and-one half (1.5) times the higher of Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40).

26. As set forth above, while in Defendant's employ, Plaintiff worked many hours each week in excess of forty (40).

27. As set forth above, Defendant failed and refused to compensate Plaintiff properly, and as required by the FLSA, for all overtime hours worked each week in excess of forty (40).

28. Defendant's failure and refusal to pay Plaintiff as required by the FLSA for overtime hours worked each week was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff for unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest

(both pre and post judgment), attorney's fees, the costs of this action, and any other and further relief as this Court deems appropriate.

## SECOND CAUSE OF ACTION

### Violation of the Fair Labor Standards Act
### (Minimum Wage)

29. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

30. Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

31. At all times, Plaintiff was an employee covered by the FLSA, 29 U.S.C. § 206(a)(1).

32. At all times, all Defendant was Plaintiff's employer under the FLSA.

33. Defendant, as Plaintiff's employer, was obligated to compensate Plaintiff for all hours worked at an hourly rate not less than the Federal Minimum Wage.

34. During his employment, there were numerous times that Plaintiff's net negative hourly rate fell below the applicable Federal Minimum Wage.

35. Defendant has failed and refused to compensate Plaintiff at an hourly rate at least equal to the Federal Minimum Wage as required by the FLSA for numerous hours worked.

36. Defendant's failure and refusal to pay compensation to Plaintiff as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiff for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre and post judgment), attorney's fees, the costs of this action, and any other and further relief as this Court deems appropriate.

## THIRD CAUSE OF ACTION

### Violation of S.C. Code Ann. § 41-10-40

37. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

38. Pursuant to S.C. Code Ann. section 41-10-40(A), "every employer in the State shall pay all wages due in lawful United States money …"

39. Pursuant to S.C. Code Ann. Section 41-10-10(2), "Wages' means all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, place, or commission basis, or other method of calculating the amount …"

40. As set forth above, Defendant has failed to pay Plaintiff wages rightfully owed to Plaintiff.

41. Pursuant to S.C. Code section 41-10-80(C), "In case of any failure to pay wages due to an employee as required by Section 41-10-40…the employee may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow."

42. As a result of Defendant's failure to comply with section 41-10-40(A), Plaintiff is entitled to (1) all amounts due to her; (2) punitive damages up to three times the amount of unpaid commissions; and (3) attorney's fees.

WHEREFORE, Defendant is liable to Plaintiff for unpaid wages in such amounts as are proven at trial, plus an equal amount in punitive damages, interest (both pre and post judgment), attorney's fees, the costs of this action, and any other and further relief as this Court deems appropriate.

BRETT M. EHMAN
Attorney at Law

February 23, 2021

/s/  Brett M. Ehman
Brett M. Ehman
Fed. Id. No. 12844
S.C. Bar No.:  102443
Attorney for Plaintiff
2971 West Montague Avenue
Suite 203
North Charleston, SC  29418
(843) 225-3607
brett@ehmanlaw.com